FILED
 2010 Mar-22  PM 04:21
 U.S. DISTRICT COURT
    N.D. OF ALABAMA

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **ARTHUR SANDERS,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case Number 2:09-CV-0417-SLB |
| | ) |
| **SOUTH CENTRAL CONFERENCE OF** | ) |
| **SEVENTH DAY ADVENTIST,** doing | ) |
| business as Regional Conference | ) |
| Retirement Plan, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM OPINION AND ORDER

This case is presently pending before the court on defendant's Motion for Attorneys' Fees. (Doc. 16.)[1] Defendant asks the court to award it $29,060.20 in attorneys' fees and expenses. (*Id*. at 1) It contends, "An award of attorneys' fees and expenses in this case is justified as Plaintiff acted in bad faith in bringing this action. (*Id*.) For the reasons set forth below, defendant's Motion for Attorneys' Fees is **DENIED**.

On March 3, 2009, plaintiff filed the instant action, alleging, *inter alia*, that defendant had terminated him in 1998 to avoid paying him early retirement benefits. (Doc. 1 at 2.) He alleged age discrimination, defamation, and intentional infliction of emotional distress. (*Id.* at 3.) The Magistrate Judge found that plaintiff's claims were barred by the relevant statutes of limitations and that he was not entitled to early retirement benefits under the plan. (Doc.

---

[1]Reference to a document number, ["Doc. ___"], refers to the number assigned to each document as it is filed in the court's record.

12 at 4-5.) The Magistrate Judge recommended to this court that plaintiff's Complaint be dismissed. (*Id*. at 5.) The court adopted the Magistrate Judge's recommendation and dismissed plaintiff's Complaint. (Docs. 14, 15.) Thereafter, defendant filed a Motion for Attorneys' Fees. (Doc. 16.) The court ordered plaintiff to file his Opposition on or before November 25, 2009. (Doc. 19.) To date, plaintiff has not responded.

Defendant, in support of its Motion for Attorneys' Fees, contends:

Ample evidence exists that Plaintiff litigated this case in bad faith. First, Plaintiff's claims were all based on his discharge which occurred in 1998. That the claims in this case were untimely should have been apparent to even a *pro se* plaintiff. Furthermore, and more importantly, it is clear that Plaintiff brought this action with the intent of harassing the Plan. This is not Plaintiff's first attempt to bring claims against the South Central Conference of Seventh Day Adventists and its related entities. Plaintiff made similar claims to those raised here in a case filed in Jefferson County Circuit Court on April 14, 2000, *Sanders v. South Central Conference of Seventh Day Adventists, et al.*, CV-00-2311 and in a case filed in this Court on September 11, 2001, *Sanders v. South Central Conference, et al.*, 2:01-cv-02291-SLB. In each instance, his claims were dismissed, the former on the basis of a general employment release and the latter on the basis of the doctrine of res judicata. Moreover, in the previous claim brought before this Court, the Defendants moved for sanctions. Although the Court declined to impose sanctions on Plaintiff, the Court specifically stated that if the Plaintiff pursued another action based on the same facts, sanctions would be warranted.[2] Despite this warning from this

---

[2]The Magistrate Judge's Report and Recommendation stated:

With respect to defendants' motion for sanctions, the magistrate judge notes that plaintiff is *pro se* and simply did not understand that he could not relitigate the issues by bringing an action under the Federal Arbitration Act. It also is noted that plaintiff already has been taxed the costs in the state court proceedings. The magistrate judge finds that plaintiff did not bring this action for an improper purpose, did not understand that the claims were not warranted by existing law, and did not understand that his argument was frivolous.

> Court, Plaintiff has yet again attempted to bring a wrongful discharge claim
> and a claim for defamation against the South Central Conference of Seventh
> Day Adventists and its related entities. As such, Plaintiff acted in bad faith in
> bringing this action and an award of attorney's fees to the Plan is justified.

(Doc. 17 at 2-4 [footnote added].)[3]

"A district court may grant attorney's fees to a prevailing defendant in ADEA cases upon a finding that the plaintiff litigated her claim in bad faith." *Lawver v. Hillcrest Hospice, Inc.*, 300 Fed. Appx. 768, 773 (11th Cir. 2008)(citing *Turlington v. Atlanta Gas Light Co.*, 135 F.3d 1428, 1437 (11th Cir. 1998)).

> Bad faith can be found in several instances. First, bad faith may be
> found where the court finds that a ". . . fraud has been practiced upon it, or that
> the very temple of justice has been defiled." *Chambers* [*v. NASCO, Inc.*], 501
> U.S. [32,] 46 [(1991)]. Second, bad faith may be found where a party delays
> or disrupts the litigation, or hampers the enforcement of a court order. *See Id*.
> Third, the Eleventh Circuit has stated that bad faith may be found where an
> attorney ***knowingly or recklessly raises a frivolous argument***, or ***argues a
> meritorious claim for the purpose of harassing an opponent***. *See Barnes* [*v.
> Dalton*], 158 F.3d [1212,] 1214 [(11th Cir. 1998)](quoting *Primus Automotive
> Fin. Servs., Inc. v. Batarse*, 115 F.3d 644, 649 (9th Cir. 1997)). In determining
> whether sanctions should be awarded under the bad faith standard, "the inquiry

---

> Under the present circumstances presented herein, the Magistrate Judge
> declines to impose Rule 11 sanctions on plaintiff. Therefore, defendant[s']
> motion for sanctions is **DENIED**. However, if plaintiff pursues another action
> in this court based on the same facts, sanctions would be warranted. Further,
> plaintiff is advised that if he appeals this case to the Eleventh Circuit Court of
> Appeals, defendants could ask that court to sanction plaintiff.

*Sanders v. South Central Conference of Seventh Day Adventists*, 2:01-CV-2291-SLB, doc. 16 at 6 (N.D. Ala. Aug. 9, 2002.)

[3]The court notes that the first page of defendant's Memorandum in Support of its Motion for Attorneys' Fees indicates that it is page 4. For clarity, the court will refer to the CM/ECF page number appearing on the top of the page.

will focus primarily on the ***conduct and motive of a party***, rather than on the validity of the case." *Rothenberg v. Sec. Mgmt. Co., Inc.*, 736 F.2d 1470, 1472 (11th Cir. 1984).

*Barash v. Kates*, 585 F. Supp. 2d 1347, 1362 (S.D. Fla. 2006)(emphasis added). "While bad faith is the 'key to unlocking the court's inherent power,' a court must do more than conclude that a party acted in bad faith; it should make specific findings as to the party's conduct that warrants sanctions." *Byrne v. Nezhat*, 261 F.3d 1075, 1123 (11th Cir. 2001)(quoting *Barnes*, 158 F.3d at 1214.

Defendant's Memorandum does not cite the court to any direct evidence that plaintiff brought this action in bad faith and/or for the purpose of harassing defendant, and the court finds that the record does not compel such a finding. In his Complaint, plaintiff alleges:

> I.  I applied for retirement through [defendant] on July 16, 2006. I applied for an Early Retirement Provision specifically under [defendant's plan]. The older plan . . ., [in] which all employees were vested, had no provisions for employees under the age of 65 and pay[s] fewer benefits.
>
> II.  Defendant advised Plaintiff that he was denied retirement before the age of 65 under the [plan] due to the fact that Plaintiff was not employed with [defendant] on January 1, 2000.
>
> III.  [Plaintiff] was involuntarily terminated on September 20, 1998.
>
> IV.  Defendant was planning the new [plan] during Plaintiff's employment and made certain promises to employees at that time, that all [defendant's] employees, including retirees[,] would be included in the new plan that was being negotiated with the North American Division.
>
> In conclusion of the negotiations with the North American Division, [i]t was agreed that [defendant] and the other Regional conferences would pay [$49 million] to the North American Division to cover those employees who had already retired. These negotiations failed to identify and failed to cover those

employees who were not employed as [of] January 1, 2000 and had not reached their retirement age when the [plan] took effect.

V. Respondents . . . knew fully well that they intended to eliminate the older workers/retirees from the [plan] by limiting [it] to an artificial date of January 1, 2000. This date does not take [into] consideration those former employees who had not reached their normal retirement age.

VI. Many employees aged 40-55 were terminated in order to reduce the impact these workers would have on the [plan]. I was terminated during this period.

(Doc. 1 at 2-3.) In his objections to the Magistrate Judge's Report and Recommendation, plaintiff stated that "[t]he issue[s are] whether the Plaintiff, a former employee, retained a vested interest in the future retirement plans of [defendant]," and "[w]hether Plaintiff has standing to challenge Defendant, eight years after his termination, on an intentional[ly] discriminatory policy in its Retirement plans enacted after his termination." (Doc. 13 at 1.) Plaintiff's pleadings and submissions in this case and in his prior action indicate an obvious lack of legal training and legal reasoning. The court is unable to find that the instant lawsuit was filed with a vexatious intent, in bad faith, or to harass the defendant. Defendant argues "[t]hat the claims in this case were untimely should have been apparent to even a *pro se* plaintiff." (Doc. 17 at 2.) The court disagrees. A *pro se* plaintiff could reasonably believe that his cause of action seeking unpaid retirement benefits arose when his claim for the benefits was denied and not when he was terminated years earlier for the alleged purpose of avoiding payment of those retirement benefits when the plaintiff reached retirement age.

Without more evidence, the court finds the record supports a finding that plaintiff filed this action with the genuine, but mistaken, belief that he had a cause of action against defendant based on its refusal to pay him early retirement benefits in 2006. Therefore, defendant's Motion for Attorneys' Fees is **DENIED**. However, costs of this litigation are **TAXED** against plaintiff.

The court's denial of defendant's Motion for Attorneys' Fees should not encourage plaintiff to file any further actions against defendant. Defendant terminated plaintiff in 1998. (Doc. 1 at 2.) At that time, according to defendant, plaintiff signed a release which released all claims "which have resulted or may in the future develop from [plaintiff's] employment relationship with [defendant]."[4] *Sanders v. South Central Conference of Seventh Day Adventists*, CV 2:01-cv-2291-SLB, doc. 10 at 6 (N.D. Ala. Oct. 25, 2001). This release bars plaintiff from bringing suit against defendant for ***any claim based on his employment***, including his termination. This release, for which plaintiff was paid $16,584, extinguished all plaintiff's claims against defendant, whether time-barred or not. The court will not hesitate to *sua sponte* dismiss any further claims brought by plaintiff against defendant based on his employment relationship with defendant and to award sanctions.

---

[4] The copy of the release in the record appears to have loped off the bottom of first page of the release containing this language. *Sanders*, 2:01-CV-2291-SLB, doc. 7, Ex. A (N.D. Ala. Oct. 1, 2001).

**DONE**, this 22nd day of March, 2010.

                                                  SHARON LOVELACE BLACKBURN
                                                  CHIEF UNITED STATES DISTRICT JUDGE